In re Armando A. Miranda, Respondent.

No. 40. Argued July 21, 1941.—Decided July 29, 1941.

Armando A. Miranda, in pro. per., and R. Díaz Collazo for respondent. R. A. Gómez, Prosecuting Attorney, for The People.

Mr. Justice De Jesús delivered the opinion of the court.

The Attorney General of Puerto Rico, represented by the prosecuting attorney of this court, instituted this disbarment proceeding against Attorney A. Miranda, charging him with the commission of certain acts which constitute depravity and immoral conduct in the practice of his profession; and based on those charges, he prayed that respondent be disbarred from practice as an attorney and notary, and that his name be stricken out from the Roll of Attorneys.

The evidence of the prosecuting attorney may be summarized as follows:

Rufino Alicea Erazo was the owner of a rural property having an area of twenty-two acres (cuerdas), located in the ward (barrio) of Cerro Gordo, Municipal District of Bayamón, which property was sold by Alicea Erazo to Francisco Nazario for a price payable in various installments secured

by mortgage on the sold immovable; the additional sum of $200 being stipulated in the deed for costs and attorney's fees in case of judicial claim. As Nazario had defaulted on the second installment, Alicea Erazo, accompanied by his son Eusebio Alicea, called on Attorney Miranda and requested his services for the purpose of instituting a judicial proceeding to enforce the mortgage claim. On that occasion Alicea paid to Miranda the sum of $24 as an advance for legal expenses. Subsequently, Alicea Erazo again called on Miranda —this time accompanied by his concubine Rosa Vázquez— and urged him to expedite the prosecution of the suit. On a third occasion Rosa Vázquez made another call on him for the same purpose as before and also in order to bring him an additional sum which he had asked for litigation expenses.

At this stage, Alicea Erazo died on January 6, 1932, and six days afterward Rosa Vázquez and her four children Eusebio, Miguel, Romualdo, and Hermenegilda Alicea Vázquez had a talk with Miranda at his home in Bayamón. They advised him of the death of Alicea Erazo and again insisted on the necessity of expediting the case. The attorney informed them that it was necessary to secure a declaration of heirship before the proceedings could be continued in their own behalf and this new work would cost them $75; to which they replied that they did not have the money at hand but that he might advance the expenses and that they would reimburse everything to him after they had collected the mortgage credit, whereupon Miranda stated that he had no money. Sometime afterward, Eusebio Alicea again called on the attorney, and inquired whether the declaration of heirship had already been procured. On that occasion, according to the testimony of this witness, Miranda stated to him that he did not know such heirs.

Let us see what steps had been taken by Mr. Miranda during all that time in connection with the suit entrusted to him. On or about October 22, 1931, he filed in the District

Court of Bayamón, suit No. 430, on behalf of Rufino Alicea Erazo, against Francisco Nazario and his wife Rafaela Cardona to recover the sum of $700 as principal, the balance of the original amount of the mortgage, together with $200 stipulated for costs and attorney's fees. The defendants presented a motion to strike out which was sustained, and the complaint was amended on January 7, 1932. As the defendants failed to set up any plea against the amended complaint, on January 19, 1932, he applied for and obtained an entry of default.

Having learned by that time of the death of his client, Miranda withheld further action in case No. 430 in the district court; but some five months afterward he instituted as plaintiff in the Municipal Court of Bayamón, suit No. 6601, against John Doe and Richard Roe, that is, the unknown heirs of his client Rufino Alicea Erazo, the purpose of said suit being to recover the amount of his fees in suit No. 430, which he estimated at $310.

Within the new suit, and in order to secure the effectiveness of any judgment that might be rendered, he attached the mortgage claim which was the object of case No. 430, prosecuted before the District Court of Bayamón. The summons was issued and in order to serve the same he utilized the services of Jorge Salas, who until shortly before had worked in the office of the respondent, the return of service of process, which was to be sworn to by Salas, being drafted by Miranda, in his own handwriting, in the following terms:

"I, Jorge Salas, do solemnly declare on oath: That I am twenty years of age and that I have no interest, nor am I a party in this case; that I received the present summons on June 11, 1932, at ten o'clock in the morning, and that I did not serve the same personally on John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo, as they are unknown persons."

It is very significant that in this return, prepared by an intelligent attorney, nothing is said regarding any steps

taken by the process server, who testified that at no time did he leave the office of Mr. Miranda in order to make such service, but signed the return right there.

On the basis of the summons thus returned the Municipal Court of Bayamón ordered the publication of edicts to notify the defendants, and as the latter failed to appear within the legal period, the default was noted and judgment was entered against them on October 4, 1932, adjudging them to pay to the plaintiff the sum of $310 as fees, together with the costs, on account of which Mr. Miranda claimed the sum of $27.89.

On January 28, 1933, the mortgage claim for $700 was sold on execution and awarded to Mr. Miranda himself for the sum of $75.00 to be credited on the amount of the judgment.

Both suits remained thus until the children of Rufino Alicea Erazo, having learned from the debtor Nazario that the mortgage claim then belonged to Miranda, procured the professional services of Attorney José Alegría, who, on March 16, 1933, filed on behalf of the Alicea heirs, in the Municipal Court of Bayamón, a document entitled "Motion to set aside the default and judgment and to reopen the case for further proceedings." Mr. Alegría filed with said motion a demurrer and answer and, what is more important, a certified copy of the order of March 9, 1933, rendered by the District Court of San Juan, whereby the above-named acknowledged natural children of Rufino Alicea were declared to be his sole and universal heirs.

Far from consenting to the demand of the heirs of Alicea that they be given an opportunity to be heard and to defend themselves, and despite the fact that he had knowledge of the certified copy of the order declaring them to be heirs of their father, Miranda opposed the said motion by a paper writing dated March 25, 1933.

The municipal court, in view of Miranda's opposition, denied the motion of the defendants and left unaffected the judgment rendered against them.

Nothing further was done in case No. 6601 of the municipal court until November 18, 1933, when Attorneys Félix Ochóteco, Jr., and José Alegría, representing the heirs of Alicea, filed a "Motion for annullment of the judgment," the hearing of which was set for the 24th of. the same month. Thereupon Miranda, instead of taking advantage of this new opportunity to amend, if this were possible, his previous conduct, opposed said motion and alleged that the question raised in the same had been decided by the court on May 23, 1933, when denying the motion to open the default, etc. On February 2, 1934, the municipal court also refused this second request on the part of the defendants who were seeking an opportunity to be heard.

In order to review that decision of the municipal court, the attorneys for the Alicea heirs filed, in the District Court of Bayamón, a petition for a writ of certiorari, and said district court, by a judgment of April 28, 1934, finally set aside the decision which had been rendered by the municipal court against the Alicea heirs in suit No. 6601. Feeling still unsatisfied, Mr. Miranda then took an appeal from the judgment of the District Court of Bayamón in the certiorari proceeding to this Supreme Court, which affirmed the same on November 10, 1937. 52 P.R.R. 247.

The foregoing is a recital of the evidence introduced in support of the petition for disbarment. We will now set forth the evidence adduced by the respondent in opposition to the same.

Mr. Miranda asserted that Rufino Alicea Erazo, on the various occasions when he called on him, came by himself; that he did not know that Alicea had any children; that when he learned of his death he tried to ascertain whether he had left any heirs and accordingly he asked several res-

idents of the city of Bayamón, among them his brother Francisco Miranda, who by reason of the offices he had held and of the fact that he had always lived in Bayamón knew many of the inhabitants, and no one could advise him whether Alicea had any heirs; that everybody knew him as a beggar and were not aware that he had any family; that he failed to press the suit which had been entrusted to him, because the authority he had to represent Alicea ceased with the latter's death; that the facts giving rise to this disbarment proceeding had been previously investigated by a committee of the Bar Association presided by Attorney Martín Travieso, now an Associate Justice of this court, and that said committee had rendered an extensive report adverse to the respondent, the penalty imposed on him being a reprimand in the presence of other colleagues; that by reason of said facts certain local newspapers and magazines had made several attacks upon him, and that the suffering which said reprimand and publications caused him was such that he lost his health and left Puerto Rico for sometime, for which purpose he was compelled to sell the only property he owned; that during his absence his wife and children went hungry because they depended solely on the bills which his stenographer could collect; that as a result of this situation his wife and children went to live in the home of her parents and finally she sought a divorce, and thus his conjugal home was destroyed; that recently his name had been under consideration for an important public office, and that he had to ask not to be considered therefor by reason of the institution of this proceeding.

The evidence of the prosecuting attorney has been accorded full credit by us; but let us assume, for the sake of argument only, that Mr. Miranda did not know that Rufino Alicea had left any heirs; let us assume also that the testimony of the latter regarding their various conversations with him was false; let us put aside his action in preparing

the return of service of process sworn to by Salas, which failed to state the essential fact that steps had been taken to find the defendants; an omission which involved a surprise for the court; let us disregard his unreasonable conduct in charging to these heirs the sum of $310 as attorney's fees in a suit for the recovery of $700, which undoubtedly constituted the only property owned by the defendants; let us also concede that it did not occur to Mr. Miranda to inquire as to the existence of these heirs in the ward of Cerro Gordo, which, according to the evidence, lies at a distance of from 7 to 10 kilometers from the city of Bayamón and where he could easily have obtained the necessary information; what reasonable explanation can Mr. Miranda give of his conduct in insisting on those two occasions that the judgment against the heirs of Alicea Erazo should prevail after he was shown a certified copy of the order, whereby the Alicea Vázquez brothers were declared sole and exclusive heirs of their father Rufino Alicea Erazo?

Although he had previous knowledge, from unquestionable sources, of the existence of these heirs, he took steps to record in his name the mortgage claim for $700 which had been awarded to him for $75, not in full satisfaction of his claim, but to be credited on the judgment for $310 that he had obtained against them; which meant that these heirs, despite the fact that they would lose everything they had without receiving anything in exchange therefor, would still owe him the sum of $235.

It seems advisable to state here that, although it does not specifically appear from the record that these heirs finally recovered their property, however, it may be inferred that they succeeded in doing so, for, according to the testimony of Attorney Ochoteco, he received $150 as counsel fees.

In our judgment, the allegations of the petition have been proved beyond a reasonable doubt and, as the acts performed by Attorney Armando A. Miranda constitute immoral con-

duct in the discharge of his professional duties, he must be disbarred from practice as an attorney and notary and his name stricken out from the Roll of Attorneys for the period of one year, counted from the date of the judgment which will be entered in this case.

Mr. Justice Travieso took no part in the decision of this case.